IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KHISTINA DE JEAN,<br><br>    Plaintiff,<br><br> vs.<br><br>SCOTT NAGO,<br><br>    Defendants. | CIV. NO. 23-00228 RT-NONE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS |

### FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court Plaintiff Khistina De Jean's ("Plaintiff") *Application to Proceed in District Court Without Prepaying Fees or Costs* ("Application"), filed on May 25, 2023. ECF No. 2. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules").

After careful consideration of the *Application*, *Complaint* and applicable law, the Court **FINDS** that the *Complaint* fails to state a claim and **RECOMMENDS** that the *Complaint* be **DISMISSED WITHOUT PREJUDICE** with leave to amend. The Court further **RECOMMENDS** that the *Application* be **DENIED WITHOUT PREJUDICE**.

## **DISCUSSION**

Plaintiff is a pro se litigant and is requesting to proceed in forma pauperis. When a plaintiff seeks to proceed in forma pauperis, the Court must conduct a mandatory screening of the complaint pursuant to 28 U.S.C. § 1915(e). A court may deny the *Application* at the outset and dismiss the *Complaint* if it determines during the screening that from the face of the *Complaint*:

(A) The allegation of poverty is untrue; or

(B) The action or appeal--

    (i)    is frivolous or malicious;
    (ii)   fails to state a claim on which relief may be granted; or
    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). While screening the *Complaint*, the Court must accept as true the allegations in the Complaint. *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976) (citation omitted). The Court, however, is required by the Ninth Circuit to construe the pleadings filed by pro se litigants liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted); *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).

**A.**   **The Complaint Fails to State a Claim on which Relief May be Granted**

In considering the *Application*, this Court first turns to the screening of the *Complaint*. When determining whether a *Complaint* fails to state a claim, the Court must apply Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8's pleading

2

standard the same way the Court applies the standard in the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Fed. R. Civ. P. 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The Federal Rules require that averments 'be simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Although the Federal Rules adopt a flexible pleading policy, a complaint must "give fair notice and state the elements of the claim plainly and succinctly." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted).

Fed. R. Civ. P. 8 does not demand detailed factual allegations. Nevertheless, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw

3

the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.*

Even construing the *Complaint* liberally, the Court is unable to find that Plaintiff has stated a viable claim. Plaintiff alleges the following statement of claim, in its entirety:

> request permission for petition 2024 [or 2021][1] without vice president application for presidental [sic] race 2024 gods will I assure the Court by deadline my vice President will be chosen Sandra Chillis Memphis Tennessee past away 2/1/2023 my desire still is to run all the way as I did 2020 even with Sandra Chillis vice president choice and her husband Chillis got sick with Covid 19 2020 Mr. Chillis is still alive, I pray

ECF No. 1 at PageID.5. The statement of claim reads as a nonsensical narrative rather than the assertion of any claim or entitlement to relief. The statement of claim refers to the election of the vice president and names an individual named Sandra Chillis, who apparently passed away. It also appears that Ms. Chillis' husband contracted Covid and is still alive. The Court is unable to discern, what claims, if any, Plaintiff is alleging or what relief Plaintiff seeks. The Court thus finds that the Complaint fails to state a claim on which relief may be granted.

---

[1] The *Complaint* is handwritten. Most of Plaintiff's writing is legible but at times, it is not clear. The Court has quoted the *Complaint*, but shall suggest alternative language when the writing is not clear. Here, it appears that Plaintiff has blurred out a portion of the writing. The year Plaintiff writes could either be 2021 or 2024.

4

B. **The Complaint Fails to Establish Jurisdiction**

The Court must have jurisdiction in order to preside over the litigation of this case. "Federal courts are . . . of limited jurisdiction [and] possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). Subject matter jurisdiction may be established by federal question pursuant to 28 U.S.C. § 1331 or diversity of citizenship pursuant to 28 U.S.C. § 1332. Fed. R. Civ. P. 8 requires that the Complaint include "a short and plain statement of the grounds for the court's jurisdiction . . . " *Id.* "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Plaintiff claims that this Court has federal question jurisdiction, but fails to bring any viable claim under any federal law. Plaintiff alleges the following as the basis for this Court's federal question jurisdiction in this case:

> Election 202414 [sic] – 21 federal statues [sic] Now Come 2023 Khistina DeJean Candidate request of permission to obtain signatures or petition without Vice president Sandra Chillis Died 2/2023 that came down with Covid 2020

ECF No. 1 at PageID.4. Plaintiff's statement is incomprehensible. "At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action." *Sidman v. Young Bros., Ltd.*, Civil. No. 15-00049 DKW-BMK, 2015 WL 3965870, at *2 (D. Haw. June

29, 2015) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006)) (citation omitted). Plaintiff has not alleged the violation of any federal law and has certainly not provided any facts entitling her to be subject to this Court's jurisdiction. Accordingly, Plaintiff has also failed to establish jurisdiction.

### C. **The Complaint Should be Dismissed Without Prejudice and with Leave to Amend**

Despite the foregoing deficiencies, Plaintiff is proceeding pro se and the deficiencies could potentially be cured by amendment. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citations omitted). The Court thus recommends that the *Complaint* be dismissed without prejudice and that Plaintiff be permitted leave to file an amended complaint.

If the *Complaint* is dismissed and Plaintiff elects to amend, Plaintiff shall title the amended pleading "First Amended Complaint" and must address the deficiencies noted in this Findings and Recommendation and/or in the district court's order, as directed by the district court. The Court recommends that this be Plaintiff's **final** opportunity to amend, due to the lack of information in the *Complaint*. Thus, failure to cure the deficiencies identified in the district court's

6

order or failure to timely file an amended pleading that conforms with the district court's order should result in dismissal of this action without leave to amend. Plaintiff is reminded that if an amended complaint is filed, the original pleading may not be incorporated into the amended pleading and shall no longer serve any function in this case. The Court reminds Plaintiff to state all claims clearly and concisely, but with enough factual allegations to determine from the face of the amended complaint that Plaintiff has stated a claim upon which relief can be granted.

### D. The *Application* Should be Denied Without Prejudice

The *Application* should be denied based on this Court's finding that the *Complaint* fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); *Tripati*, 821 F.2d at 1370; *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). Further, it is difficult to determine Plaintiff's financial status from the current *Application*. In response to questions 5, 6, and 8 in the *Application*, Plaintiff provides a written explanation of potential assets or liabilities, but does not state the monetary value of these assets or liabilities. It is also not clear whether the assets Plaintiff lists belongs to her and whether the liabilities described are her obligations. Plaintiff is reminded that if Plaintiff elects to amend, Plaintiff is required to submit another application to proceed in forma pauperis or pay the filing fees. If Plaintiff submits another application, Plaintiff

should provide the monetary value of any assets or liabilities and only list those assets Plaintiff owns and only those liabilities to which Plaintiff has a financial obligation.

## **CONCLUSION**

Based on the foregoing, the Court **RECOMMENDS** that the district court **DISMISS** the *Complaint* without prejudice and **DENY** the *Application*. The Court **RECOMMENDS** that Plaintiff be **GRANTED** leave to amend. If the district court dismisses and grants Plaintiff leave to amend the *Complaint*, Plaintiff must timely file an amended complaint by the deadline set by the district court. If the district court permits, Plaintiff must also either file another application or pay the required filing fee. Failure to meet the requirements and deadlines set forth by the district court shall result in an automatic dismissal.

Due to the lack of full consent of the parties under 28 U.S.C. § 636(c), the Clerk of Court is directed to **REASSIGN** this case to a district judge.

//
//
//
//
//
//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 27, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00228 RT-None; *Khistina De Jean v. Scott Nago*; Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed in Forma Pauperis